# Mary Ann Wilford, plaintiff in error, *vs.* William Miller, defendant in error.

### *Error to Cedar.*

A special deputy sheriff is a legal and proper officer to serve process.

The attorney of the plaintiff may be the special deputy to serve a summons.

A judgment may be entered against one only, of two defendants, in an action of Right.

This was an action of Right, brought by William Miller against Joseph Wilford and Mary Ann Wilford.

Upon the writ of summons there was the following return of service: "Served on the within Mary Ann Wilford by reading personally, the 4th of September, 1844. Joseph Wilford, Jr., not found. Patterson

Fleming, sheriff of Cedar county, by Jno. P. Cook, specially deputed to serve this writ."

At the September term, 1844, judgment was rendered against Mary Ann Wilford by default. Subsequently at the same term, the said Mary Ann moved the court to open up the default for the following reasons : first, the party defendant is not in court, that is the party aforesaid is a unit, and Joseph Wilford, Jr., is not served, the plaintiff cannot call for a plea from Mary Ann Wilford, for that would compel the defendant to sever in pleading ; secondly, it being admitted that John P. Cook, Esq., was specially deputed to serve said writ, that he was one of the attorneys in the cause, &c., for this reason said Mary Ann prayed the service to be set aside, the default opened up, and the judgment set aside ; which motion was overruled.

Mary Ann Wilford sued out a writ of error.

Errors assigned :

1. The summons purports to be served by a person other than the proper officer ; and the manner of service is not shown to the court by affidavit accompanying the return of the writ, and filed therwith ; therefore in this there is error.

2. The summons purports to be served by the plaintiff's attorney of record.

3. The judgment is against one, when it should have been against both, or neither.

4. The said Mary Ann Wilford was adjudged to be in default, in this there is error.

WHICHER, for plaintiff in error.

WOODWARD, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first question that arises in this case is whether the summons was properly served and returned. The statute declares that where a person, *other than the proper officer*, serve such summons, such service must be duly shown to the court, by affidavit accompanying the return of the writ, and filed therewith. Was the special deputy who served and returned the summons in this case, " the proper officer," which the statute contemplates ? We think so. The 14th section of the act regulating the appointment and duties of sheriffs, (Acts of 1843, page 580) after providing for the appointment of a deputy sheriff, contains the following proviso : " That nothing in this act contained shall be so construed as to prevent any

sheriff from appointing so many deputies as he may deem proper. And further, that no person deputed to do a particular act only, shall be required to take the oath or affirmation to be taken by the deputies of sheriffs."

Here is indirectly an authority for the appointment of special deputies. What are their duties and powers? A deputy stands in the place of the principal, and where a sheriff has authority to make such an appointment, the act of the deputy is of equal validity with the act of the sheriff himself. Does the power of the sheriff to appoint special deputies extend to a case of this kind? We know of no reason to the contrary. The power is general; we cannot limit it in this respect. And the sheriff and his deputies are *the proper officers* for serving a summons in an action of right.

We think there is no valid objection to the attorney of the plaintiff being made the special deputy to serve the summons.

The plaintiff in error further objects that the judgment is against one of the defendants, when it should be against both or neither. We do not think this a tenable position. The authorities cited in its support are not drawn from cases in ejectment, (which are governed by similar rules to our actions of right.) We believe it to be the general rule that in actions of ejectment, the verdict and judgment may properly be against one only of two defendants.

We see no force to the objection against entering a default against Mary Ann Wilford, when the record shows that she was in default.

Judgment affirmed.